```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VERONICA REILLY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 14-342 (JBS/AMD) |
| QUICK CARE MEDICAL, P.C., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Plaintiff Veronica Reilly brings this suit alleging that she was terminated from her job in violation of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), after she filed a claim for unpaid vacation time and overtime with the New Jersey Department of Labor and Workforce Development ("DLWD"). Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Quick Care Medical, P.C., and Dr. Neerja Misra. [Docket Item 6.] Defendants argue that Plaintiff cannot make out a FLSA claim because she filed a complaint before the DLWD pursuant to the New Jersey Wage Collection Statute, N.J.S.A. 34:11-57, et seq., and the Wage Payment Law Statute, N.J.S.A 34:11-4.1, et seq., and was not asserting rights under the FLSA. Defendants conclude that pursuing this matter before the DLWD

could not have put a reasonable employer on notice that Plaintiff was asserting rights protected by the FLSA. For the reasons explained below, the Court will deny the motion to dismiss.

    1.   The facts of this case are drawn from the Complaint [Docket Item 1] and are accepted as true for the purposes of this motion. Plaintiff worked as an office manager at Quick Care Medical, earning an hourly wage. (Compl. ¶¶ 5-6.) In 2010, 2011, and 2012, she received one week of paid vacation time. (Id. ¶¶ 10-12.) In 2013, she took one week's vacation but was not paid, and when she confronted her boss, Dr. Misra, about it, she was told that she would not be paid for her vacation time. (Id. ¶¶ 13-15.) Plaintiff filed a wage a claim form with the DLWD, claiming $673.20 in unpaid vacation time and $168.40 in unpaid overtime. (Id. ¶¶ 16-19.) Quick Care Medical received a notice of hearing at the DLWD, and both Plaintiff and Dr. Misra attended the DLWD hearing on October 21, 2013. (Id. ¶¶ 21-22.) Plaintiff prevailed and Dr. Misra was ordered to pay Plaintiff $841.60. (Id. ¶ 23.) Later that day, when Plaintiff returned to work, she received a letter from Dr. Misra reprimanding her for failing to notify Defendants that she would be late for work. (Id. ¶¶ 24-25.) Dr. Misra told Plaintiff not to come to work on October 22, 23 or 24, and when Plaintiff reported to work on October 25, 2013, Dr. Misra terminated her. (Id. ¶¶ 26-27.)

2.      Plaintiff filed this single-count Complaint on January 16, 2014. She pleads: "Defendants terminated the plaintiff because the plaintiff filed a Complaint and succeeded in front of the New Jersey Division of Labor and Workforce Development" in violation of 29 U.S.C. § 215(a)(3). (Compl. ¶¶ 31-32.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

4.      Section 215(a)(3) makes it unlawful for an employer "to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." The FLSA expressly regulates wages and overtime pay. See 29 U.S.C. §§ 206 & 207.

5.      Defendants argue that Plaintiff's wage complaint and appearance before the DLWD cannot count as asserting her rights under the FLSA, because the summons and complaint[1] from the DLWD

---

[1] Defendants urge the Court to take judicial notice of the DLWD summons and complaint, attached as Exhibit A to Defendants'

alert Defendants only to Plaintiff's claims under the New Jersey Wage Collection Statute, N.J.S.A. 34:11-57, and the Wage Payment Law Statute, N.J.S.A 34:11-4.1 -- not the FLSA. (Def. Mot. at 4-5.) Defendants argue that Plaintiff never invokes the FLSA in the DLWD complaint and that the DLWD "has no authority to consider or prosecute actions under the Fair Labor Standards Act . . . ." (Id. at 5.) According to Defendants, filing a complaint before the state agency would not put a reasonable employer on notice that Plaintiff was asserting statutory rights under the FLSA. (Id. at 6.) Defendants acknowledge that plaintiffs may satisfy the requirements of the FLSA by making either oral or written complaints, but Defendants contend that the FLSA requirements "cannot be met by an assertion of rights under New Jersey statutes through a summons and complaint issued for those statutes." (Id.) Plaintiff opposes the motion. [Docket Item 10.] Defendants did not file a reply brief.

    6.    The text of the FLSA militates against dismissal in this case. The language of the FLSA does not limit the anti-

---

motion. Because Plaintiff offers no objection to Defendants' characterization of the document, and because this Court may consider documents "integral to the claim" and referenced in the Complaint on a motion to dismiss, even if those documents are not attached to the Complaint, Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006), the Court will take judicial notice of the document. Plaintiff's Complaint here references and depends upon the complaint filed with the DLWD and the resulting hearing, and the content of the DLWD complaint, alleging unpaid wages, is integral to Plaintiff's FLSA claim.

retaliation provision to complaints that expressly evoke the FLSA by name. The protections of the act apply to any employee who has "filed <u>any</u> complaint" or instituted "<u>any</u> proceeding under <u>or related to</u> this chapter . . . ." § 215(a)(3) (emphasis added). See <u>Hernandez v. City Wide Insulation of Madison, Inc.</u>, 508 F. Supp. 2d 682, 689-90 (E.D. Wis. 2007) (performing a textual analysis and concluding that "a complaint must relate to the FLSA, if not by name then by reference to something regulated by the FLSA -- minimum wage, overtime pay, equal pay between the sexes or child labor"). Although the parties have not cited any Third Circuit authority precisely on point, the Third Circuit has acknowledged the breadth of § 215(a)(3): "the FLSA extends broadly to persons that have 'filed any complaint' . . . ." <u>Edwards v. A.H. Cornell & Son, Inc.</u>, 610 F.3d 217, 224 (3d Cir. 2010); <u>see also</u> <u>Morgan v. Future Ford Sales</u>, 830 F. Supp. 807, 814-15 (D. Del. 1993) ("'The Fair Labor Standards Act is part of the large body of humanitarian and remedial legislation enacted during the Great Depression, and has been liberally interpreted.'") (quoting <u>Brock v. Richardson</u>, 812 F.2d 121, 123 (3d Cir. 1987)). A complaint filed with the DLWD about unpaid overtime qualifies as "any complaint," and a hearing before the DLWD qualifies as "any proceeding," "related to" to the FLSA, which regulates overtime pay. Therefore, the Court will deny Defendants' motion to dismiss.

5

7. Federal case law supports this result. See Sapperstein v. Hager, 188 F.3d 852, 857 (7th Cir. 1999) (ruling that "filing a claim with a state Department of Labor qualifies as protected activity under this section of the FLSA"); Randolph v. ADT Sec. Servs., Inc., No. 09-1790, 2011 WL 3476898, at *4 (D. Md. Aug. 8, 2011) ("filing a minimum wage-related complaint with a state agency can amount to a protected activity" under the FLSA); Anderson v. Quantell, Inc., No. 12-333, 2013 WL 1943466, at *2 (E.D.N.C. May 9, 2013) (holding that "a complaint filed with a better business bureau is protected activity under the FLSA"); accord Valerio v. Putnam Assocs Inc., 173 F.3d 35, 45 (1st Cir. 1999) (rejecting the argument that a complaint under the FLSA must be filed with the administrative agency); Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir. 2000) ("the FLSA's anti-retaliation provision protects not only employees who have filed complaints in court or with an agency such as the Department of Labor but also employees who have complained to their employers"). As the Randolph court noted, "the Department of Labor has construed the phrase 'filed any complaint' to include complaints to 'State or local agencies' in an interpretive regulation of an identical provision in the Occupational Health and Safety Act. See 29 C.F.R. § 1977.9(b) (interpreting 29 U.S.C. § 660(c)(1))." Randolph, 2011 WL

6

3476898, at *4 n.8. The Court sees no reason to reach a different result here.

8. Plaintiff's complaint with the DLWD put her employer on notice that she was asserting rights to overtime pay. This is expressly regulated by the FLSA. Plaintiff therefore put Defendants on notice that she was asserting rights protected by the FLSA.

9. For these reasons, the Court denies the motion to dismiss. An accompanying Order will be entered.

| | |
|---|---|
| **June 6, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

7